UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

September 30, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christina M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2491-DRM

Dear Counsel:

On August 27, 2024, Plaintiff Christina M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to a Magistrate Judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 8, and the parties' briefs, ECF Nos. 11-13. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on October 29, 2015, alleging a disability onset of June 1, 2014. Tr. 248-251; Tr. 252-260. Plaintiff's claims were denied initially and on reconsideration. Tr. 166-173; 162-165. On March 21, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 57-93. Following the hearing, on May 15, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 33-56. The Appeals Council denied Plaintiff's request for review. Tr. 3-8.

After Plaintiff sought judicial review, this Court on February 19, 2021, remanded the case to the Commissioner for further review in accordance with the fourth sentence of section 205(g)

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on August 27, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Christina M. v. Bisignano*
Civil No. 24-2491-DRM
September 30, 2025
Page 2

of the Social Security Act. Tr. 1208-1210. The Appeals Council then vacated the final decision of the Commissioner and remanded this case to an ALJ on April 7, 2021. Tr. 1212-1218. On May 3, 2024, the case was heard via online video hearing before the ALJ. Tr. 1034. On May 30, 2024, the ALJ then entered an opinion that again denied Plaintiff's claims for DIB and SSI. Tr. 1031-1062. After exhausting all administrative remedies, the Plaintiff then filed this second action for administrative review. ECF. No. 1. The ALJ's May 30, 2024 opinion is therefore the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 1, 2014, the alleged onset date[.]" Tr. 1037. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "a back disorder s/p fusion; a right shoulder disorder; a left knee disorder; obesity; a history of ADHD; a mood disorder, and an anxiety disorder[.]" Tr. 1038. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "an insect bite, s/p MRSA, gastritis, an upper respiratory infection; cold sores; s/p infection from a cat bite; gynecological issues; GERD; and vertigo[,]" as well as "chest pain[.]" *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1039. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant can frequently, but not always balance. The claimant can only occasionally climb stairs, stoop, kneel, and crouch. The claimant can never climb ladders or crawl. The claimant can only occasionally reach waist-to-shoulder level and never reach overhead with the right arm. The claimant can frequently but not always twist the lumbar spine (i.e., the lower back). The claimant is limited to standing or walking up to 4 hours total in an 8-hour workday. The claimant must be allowed to occasionally alternate between sitting and standing positions while at the workstation. The claimant can have no more than occasional exposure to vibration. The claimant can have no exposure to workplace hazards such as

*Christina M. v. Bisignano*
Civil No. 24-2491-DRM
September 30, 2025
Page 3

> unprotected heights or dangerous machinery. The claimant is limited to simple, repetitive, and routine tasks. The claimant is limited to only non-production-paced tasks as to tempo and capacity (i.e., non-assembly line work). The claimant is limited to maintaining a persistent effort on only routine tasks. The claimant is limited to only rare interaction with the public. The claimant is limited to only occasional interaction with co-workers and supervisors. The claimant is limited to tolerating only occasional changes in tasks or the work setting. The claimant is limited to having to make only routine, work-related decisions.

Tr. 1042 (footnote omitted). The ALJ determined that Plaintiff has no past relevant work but could perform other jobs that exist in significant numbers in the national economy, such as that of a marker (DOT[3] # 209.587-034/SVP 2), collator operator (DOT # 208.685-010/SVP 2), or router (DOT # 222.587-038/SVP 2). Tr. 1051-52. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1052.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises several arguments on appeal, specifically that the ALJ failed to apply the correct legal standards when weighing medical opinion evidence, that the ALJ impermissibly disregarded Plaintiff's subjective statements regarding her mental health impairments, and that the ALJ's opinion is otherwise unsupported by substantial evidence. ECF No. 11 at 8-12. Defendant

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

counters that the ALJ's medical opinion analysis complies with the appropriate regulatory framework and the ALJ's opinion is otherwise supported by substantial evidence. ECF No. 12 at 4, 12.

Plaintiff first challenges whether the ALJ evaluated the opinion of her treating psychiatrist, Dr. Ovais Khalid, under the appropriate standard for claims filed before March 27, 2017. Prior to discussing several medical opinions, including Dr. Khalid's, the ALJ's opinion incorrectly states:

> As for the opinion evidence, the Social Security Administration will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from the claimant's medical sources.

Tr. 1050.

This language is a near-quotation (with only non-substantive alterations) from 20 C.F.R. § 404.1520c(a). That provision applies to claims filed *on or after* March 27, 2017, and this language in the ALJ's opinion therefore misstates the applicable standard for evaluating medical opinion evidence in this case.

However, as Defendant notes, the ALJ later references the correct provision for claims filed before March 27, 2017, stating "I also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927."

Neither the ALJ's quotation of the incorrect standard nor his citation to the correct standard are dispositive of whether he in fact applied the latter or did so in a manner that permits meaningful judicial review. To answer those questions, the Court must examine the ALJ's opinion as a whole.

With respect to Dr. Khalid's March 2018 opinion, the ALJ states:

> I give very little weight to the opinions of Dr. Khaud[4] in Exhibit 16F, where he found marked limitations in many areas of mental functioning, which were not supported by objective examination findings and because they are inconsistent with treatment records from January 2018, which showed normal attention and concentration (Exhibit 14F, p. 54). The marked limitations are not consistent with later evaluation and mental status fin[d]ings of good concentration and attention, and intact memory (Exhibits 17F, 48F). (I adopted a marked limitation in interacting with others based on other evidence, including consideration of hearing testimony).

---

[4] Dr. Ovais Khalid's surname appears as both "Khalid" and "Khaud" in the ALJ's opinion, and his first name appears as "Ovar," but Defendant acknowledges that this is a "scrivener's error" and that all renderings of this provider's name refer to the same individual, Ovais Khalid, M.D. ECF No. 12 at 4, n3.

Tr. 1050-51.

Because Dr. Khalid is a "treating physician," the ALJ was required first to determine whether his opinion should be given "controlling weight" under 20 C.F.R. § 404.1527(c)(2). As the Fourth Circuit has explained, for claims filed before March 27, 2017:

> Section 404.1527(c)(2) sets out two rules an ALJ must follow when evaluating a medical opinion from a treating physician. First, it establishes the "treating physician rule," under which the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also, e.g.*, *Arakas v. Comm'r of SSA*, 983 F.3d 83, 106–07 (4th Cir. 2020) (citing Section 404.1527(c)(2) and applying the treating physician rule); *Brown v. Comm'r of SSA*, 873 F.3d 251, 255–56 (4th Cir. 2017) (same).

*Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384 (4th Cir. 2021).

Here, while the ALJ did not explicitly acknowledge the treating physician rule, he found that Dr. Khalid's opinions were "not supported by objective examination findings" and were "not consistent with later evaluation and mental status findings." These findings allow the Court to conclude that the ALJ either undertook the treating physician rule analysis (without naming it), or that any failure to do so was harmless because the findings would have supported denying Dr. Khalid's opinion controlling weight.

Determining that an opinion is not entitled to controlling weight does not end the § 404.1527(c)(2) analysis, however. Rather:

> Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) "[s]upportability," i.e., the extent to which the treating physician "presents relevant evidence to support [the] medical opinion"; (4) "[c]onsistency," i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to "issues related to his or her area of specialty"; and (6) any other factors raised by the parties "which tend to support or contradict the medical opinion." 20 C.F.R. § 404.1527(c)(2)(i)–(6).

*Dowling*, 986 F.3d at 384–85.

In considering whether "to discount a medical opinion from a treating physician" under these factors, the ALJ "is not required to set forth a detailed factor-by-factor analysis," but "it must nonetheless be apparent from the ALJ's decision that he meaningfully considered *each* of the

*Christina M. v. Bisignano*
Civil No. 24-2491-DRM
September 30, 2025
Page 6

factors before deciding how much weight to give the opinion." *Id.* at 385 (citing *Arakas*, 983 F.3d at 107 n.16; *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000)).

As noted, the ALJ referenced § 404.1527, although not any subsection thereof, but did not enumerate or acknowledge the § 404.1527(c)(2) factors. Tr. 1042. Defendant nonetheless argues that the ALJ's opinion in fact *applied* the correct regulation.

The third and fourth § 404.1527(c)(2) factors, supportability and consistency, overlap with the treating physician rule analysis and, for the reasons stated above, were evidently considered by the ALJ, even if not identified by him explicitly.

However, the Court cannot conclude from the ALJ's opinion that he appropriately considered the first and second § 404.1527(c)(2) factors, which together examine the length, frequency, nature, and extent of the treating relationship. These factors are relevant because "[i]f a treating source has seen a claimant a number of times and long enough to garner a longitudinal picture of the claimant's impairment(s), that source's opinion is generally entitled to more weight than an opinion from a non-treating source," *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 355 (4th Cir. 2023) (citing § 404.1527(c)(2)(i)); and because "[t]he more knowledge a treating source retains concerning a claimant's impairment, the more weight their opinion should receive." *Id.* (citing § 404.1527(c)(2)(i)(ii)).

In its review of longitudinal medical evidence, the ALJ's opinion mentions some date ranges and frequency of Plaintiff's medication management treatment with Dr. Khalid, insofar as they are documented in records from Eastern Shore Psychological Services. Tr. 1046. But the ALJ's written analysis of Dr. Khalid's opinion relies solely on supportability and consistency. *See* Tr. 1050-51. It does not weigh those factors against the experience of Plaintiff's conditions that Dr. Khalid likely would have garnered through monthly observations over nearly two and a half years. *See Triplett v. Saul*, 860 F. App'x 855, 864 (4th Cir. 2021) ("True, the ALJ mentioned that [the treating physician] had seen Triplett for approximately five years and was her family physician. But the ALJ failed to explain whether she considered either the length or the nature of the treating relationship, as she was required to do under § 404.1527(c), before discounting [the] opinion." Here, as in *Dowling*, "[h]ad the ALJ properly considered the treatment relationship" between Dr. Khalid and Plaintiff, "he may not have been so quick to reject [the] medical opinion." *Dowling,* 986 F.3d at 386.

The ALJ *may* have considered the first and second § 404.1527(c)(2) factors without "showing his work" in doing so. But in light of the ALJ's quotation of the incorrect standard for pre-2017 claims and the lack of any meaningful reference to the correct standard (beyond a general citation to the applicable C.F.R. section), this Court cannot conclude with any certainty that the ALJ in fact considered these factors.

As to the fifth factor, specialization, the Fourth Circuit has approved even a single mention of the provider's specialty as demonstrating that the ALJ considered this factor. *Shelley C.*, 61 F.4th at 355 n7. But it is not clear that even that minimal standard was met here. Dr. Khalid is a

psychiatrist[5], i.e. a medical doctor who specializes in mental health conditions such as the ADHD, mood disorders, and anxiety disorders which are at issue in Plaintiff's claim. This expertise is relevant because "more weight is generally given to a specialist's medical opinion on issues related to their specialty than to an opinion from a non-specialist." *Shelley C.*, 61 F.4th at 355 n7 (citing 20 C.F.R. § 404.1527(c)(5).)

Defendant notes that the ALJ's opinion references Plaintiff seeing Dr. Khalid for "medication management" as a component of her mental health treatment, Tr. 1046. While in context this fact may suggest that Dr. Khalid is a psychiatrist, the ALJ never explicitly drew this conclusion. Once again, when combined with the ALJ's quotation of the incorrect standard for pre-2017 claims and no more than a general citation to the correct standard, this Court cannot conclude with any certainty that the ALJ considered the specialization factor.

Considering the foregoing deficiencies, remand is appropriate here for the same reasons elucidated in *Dowling*:

> [I]t is an elemental principle of administrative law that agency determinations must "be made in accordance with certain procedures which facilitate judicial review." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 662 (4th Cir. 2017). One such procedure is Section 404.1527(c)'s requirement that ALJs consider each of the enumerated factors before assigning less than controlling weight to a medical opinion from a treating physician. . . . [R]emand is necessary to allow the ALJ to consider [the] medical opinion in light of each of the Section 404.1527(c) factors. *See* [*Patterson*, 846 F.3d] at 662–63 (remanding and noting that "because we cannot gauge the propriety of the ALJ's [ ] assessment, we cannot say that substantial evidence supports the ALJ's denial of benefits"); *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (remanding where the ALJ's failure to comply with certain Social Security procedures made it "simply impossible to tell whether there was substantial evidence to support [his] determination").

*Dowling*, 986 F.3d at 386.

Because the case is being remanded on the above grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[5] See, e.g., Tr. 431-35 (Psychiatric Progress Note concluding with "Psychiatrist Signature: Ovaid Khalid, MD.")

*Christina M. v. Bisignano*
Civil No. 24-2491-DRM
September 30, 2025
Page 8

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/
Douglas R. Miller
United States Magistrate Judge